UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

04 - 12372 PBS

HELEN DOONA,

    Plaintiff-Complainant,

v.

ELAINE CHAO, SECRETARY,
UNITED STATES DEPARTMENT OF LABOR,

    Defendant-Agency.

Civil Action No. 04-cv-

MAGISTRATE JUDGE Alexander

RECEIPT # 59917
AMOUNT $150
SUMMONS ISSUED yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK
DATE 11/09/04

## COMPLAINT
### [WITH JURY DEMAND]

    1.    Plaintiff Helen M. Doona ("Doona") resides at 846 Watertown Street, West Newton, Massachusetts 02465.

    2.    Doona has been and is presently an employee of the United States Department of Labor ("DOL" or the "Agency") Employee Benefits Security Administration ("EBSA"), formerly known as the Pension and Welfare Benefits Administration ("PWBA").

    3.    Defendant Elaine Chao ("Chao") is the Secretary, of the United States Department of Labor.

    4.    James M. Benages ("Benages") is and has been at all times relevant hereto the Regional Director of the EBSA. Boston office and, as such, is the promoting authority for that office.

    5. Doona, at the relevant time, held the grade GS-12, Step 8.

    6. Doona was employed by PWBA since July 7, 1987

    7    Supervisory Investigator Phillip Tanner ("Tanner") is and has been at all times relevant hereto Doona's immediate supervisor in the EBSA. Boston office.

8   At all times relevant hereto, Benages and Tanner operated with the authority of Chao, under her supervision and control, and as her agents.

## JURISDICTION

9.  Jurisdiction in this action lies under 42 U.S.C. § 2000e-5 and 29 C.F.R. § 1614.110(a).

## VENUE

10. Venue in this action arises under 42 U.S.C. § 2000e-5

## ALLEGATIONS

11. The Agency unlawfully discriminated against Doona in reprisal for her EEO ("Equal Employment Opportunity") activity, to include her union activities against Benages and Tanner on behalf of members of the AFGE Local and the union, and based on her age (over 40), sex (female), national origin (Irish American), parental status (grandmother), marital status (to the extent it relates to the other specified legally protected activities and categories), and alleged failure to meet an unlawful quota of completing thirty cases within one fiscal year (to the extent it relates to the other specified legally protected activities and categories), when she was not selected on or about November 24, 2001 for the position of GS-13 Senior Investigator under Vacancy Announcement #BOS-01-92 ("the relevant time").

12. At the relevant time Doona was and had been an Agency Shop Steward for the AFGE Local.

13. Doona had participated in the EEO process and opposed practices, including those of Benages and Tanner, made unlawful by the statutes covered under 29 C.F.R.§ 1614.103 and

2

under Executive Order.

14. The retaliation and discrimination outlined here manifested itself in part by the deliberate refusal by Benages to assign Doona significant cases (to include criminal cases), in the improper reassignment of some of her cases to others favored by Benages (thereby denying her credit for substantial work she had already performed and prejudicing her with respect to promotion to fill future vacancies) and in aspects of her performance appraisal for the period April 1, 2000 through March 31, 2001.

15. The retaliation and discrimination outlined here also manifested itself in part by Benages not selecting her on or about November 24, 2001 for a GS-13 position ("the position") to fill Vacancy Number BOS 01-02.

16. At the relevant time, the management officials, Benages and Tanner, involved in denying Doona the position were aware of her aforesaid protected activities.

17. The Agency denied Doona the position at such time out of a discriminatory motive.

18. There is a causal connection between Doona's protected activities and the Agency's retaliatory and discriminatory actions complained of here.

19. Doona was born on June 3, 1936 and thus was more than forty years old at the relevant time

20. Doona was licensed to practice law in the Commonwealth of Massachusetts at tt and had considerable experience at both the trial court and appellate court level, particularly in criminal law. For example, she handled criminal appeals in criminal cases for the Plymouth County District Attoney's office.

21. Doona is a female.

22. Doona's national origin is Irish-American.

3

23. Doona is a widow and the mother of three children.

24. A vacancy, as aforesaid, existed in a GS-13 position at the relevant time.

25. Doona applied to fill that position.

26. Doona was qualified for that position.

27. The Agency did not appoint Doona to fill that position, but did appoint others less qualified than Doona.

28. The explanations proferred by the Agency for not appointing Doona to fill the position were pretexts for retaliation and discrimination

29. Benages unlawfully preselects candidates to fill vacant positions and did so with respect to the position at issue here.

30. Benages deliberately effected his retaliatory and discriminatory activities with respect to Doona by not assigning significant cases to her and then claiming, incorrectly, that others to whom he did assign such cases performed better than she did.

31., Benages claims to make appointments to fill vacancies on the basis of criteria that arise only because he fills vacancies with preselected candidates of his own choosing .

32. Benages does this in large part by assigning significant cases to his preselectees and then claiming that they, including Doona, have not had the success the preselectees have had.

33. Doona in effect is required to generate her own cases. Despite this, she has performed better than those to whom Benages has steered significant cases.

34. Benages personally assigns significant or "good hit" cases overwhelmingly and disproportionately to males, especially married males, and to women under forty, or to women over forty without children.

35. Benages has retaliated and discriminated against Doona and others at the relevant time by assigning cases that come to the Boston office of EBSA to those he personally favors and has preselected on discriminatory and/or retaliatory criteria and by using as a pretext that his preselectees perform better than those, including Doona, he is actually retaliating and discriminating against.

36. Benages policy and pattern of assigning and reassigning cases has been particularly discriminatory to Doona because of her background and experience in the practice of criminal law. Benages has never assigned a criminal case to her.

37. As Union Steward, Doona has brought grievances and cases against Benages and Tanner and has been threatened and intimidated by Benages for doing so,

38. The Decision (copy attached) of the Administrative Law Judge ("ALJ") in this matter is arbitrary and capricious and an abuse of discretion.

39. The Decision of the ALJ is not based on substantial evidence found in the record of all the evidence in the case.

40. That record reveals genuine issues of material fact ignored or misapprehended by the ALJ.

WHEREFORE, Doona demands that this court

Determine that that Decision is arbitrary and capricious;

Determine that that Decision is not based on substantial evidence;

Determine that that Decision is erroneous in law; and

that Doona be appointed to a GS-13 position with retroactive pay from November 24, 2001; and

5

that the court order such other relief to Doona as is just and equitable, to include an award of reasonable attorney's fees.

## JURY DEMAND

DEFENDANT DEMANDS A TRIAL BY JURY OF ALL ISSUES IN THIS ACTION TRIABLE TO A JURY AS OF RIGHT OR IN THE DISCRETION OF THE COURT.

Helen M. Doona
By her attorney,

*/s/ Edward J. Collins*
Edward J. Collins
Post Office Box 381330
Harvard Square Branch
Cambridge, Massachusetts 02238-1330
[508]-358-6666
B.B.O. Number 092240
