EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
BALTIMORE DISTRICT OFFICE
10 S. Howard Street, 3rd. Floor
Baltimore, Maryland 21201


HELEN DOONA
846 WATERTOWN STREET
NEWTON, MA 02465                            (
                                            (
                                            (
                                            (   EEOC CASE NO.:
                                            (   160-2003-08040X
        COMPLAINANT                         (
                                            (
           v.                               (
ELAINE CHAO, SECRETARY                      (
U.S. DEPARTMENT OF LABOR                    (
c/o Annabelle T. Lockhart, Director         (   AGENCY CASE NO.:
Civil Rights Center                         (   02-01-060
200 Constitution Ave., N.W.                 (   02-01-106
Room N-4123                                 (
Washington, DC 20210                        (
                                            (
        AGENCY                              (
                                            (


## DECISION


APPEARANCES:

COMPLAINANT'S REPRESENTATIVE:   Edward J. Collins, Esq.
                                P.O. Box 381330
                                Harvard Square Branch
                                Cambridge, MA 02238-1330


AGENCY'S REPRESENTATIVE:        Joseph S. Ackerstein, Esq.
                                Dept. of Labor
                                JFK Federal Bldg.
                                Room E-375
                                Boston, MA 02203




                        BEFORE:  CHARLES G. SHUBOW
                                 ADMINISTRATIVE JUDGE

Page 1

```
 1         EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
                 BALTIMORE DISTRICT OFFICE
 2

   HELEN DOONA
 3          Complainant
      vs.                        EEOC Case, No.
 4                               160-2003-8040X

   ELAINE CHAO, SECRETARY
 5 OF LABOR                      Agency Case Nos.
            Agency               02-01-060, 02-01-106
 6
   _____/
 7

 8         The above-entitled telephonic matter came
 9 on for Bench Decision before Charles G. Shubow,
10 Administrative Judge on Wednesday, June 23, 2004,
11 commencing at 3:05 P.M. at the Equal Employment
12 Opportunity Commission, City Crescent Building,
13 10 South Howard Street, 3rd floor, Baltimore,
14 Maryland, 21201, before Chuck Peppler, a Notary
15 Public.
16
17 APPEARANCES:
18         CHARLES G. SHUBOW, ADMINISTRATIVE JUDGE
19         JOSEPH S. ACKERSTEIN, ESQUIRE (By Phone)
              On behalf of the Agency
20
21 REPORTED BY:  Chuck Peppler
```

Page 2

```
 1                    P-R-O-C-E-E-D-I-N-G-S

 2            JUDGE SHUBOW:  Let's go on the record.

 3   I.  Introduction

 4            This matter came before the United States

 5   Equal Opportunity Commission pursuant to Title VII of

 6   the Civil Rights Act of 1964, as amended, and the Age

 7   Discrimination in Employment Act, as amended.  The

 8   procedural requirements provided in the Commission's

 9   regulations were complied with fully.  Today the

10   parties are present telephonically.  Joseph

11   Ackerstein, Esquire for the Agency.  The Complainant

12   and her representative were notified by letter dated

13   June 16 of today's proceedings, but did not respond to

14   said notice and are not available.  ~~Procedural~~

15   ~~determination, I'm going to ask the court reporter to~~

16   ~~insert that boilerplate language~~ into the record.

17   II.  Procedural Determination

18            The regulations governing Federal sector

19   EEO complaints provide for the issuance of a decision

20   without a hearing.  The specific sections, 29 C.F.R.,

21   Section 1614.109 (g) (1) and (2) provide:
```

Page 3

1          (1)  If a party believes that some or all
2    material facts are not in genuine dispute and there is
3    no genuine issue as to credibility, the party may, at
4    least 15 days prior to the date of the hearing or at
5    such earlier time as required by the administrative
6    judge, file a statement with the administrative judge
7    prior to the hearing setting forth the fact or facts
8    and referring to the parts of the record relied on to
9    support the statement.  The statement must demonstrate
10   that there is no genuine issue as to any such material
11   fact.  The party shall serve the statement on the
12   opposing party.
13          (2)  The opposing party may file an
14   opposition within 15 days of receipt of the statement
15   in paragraph (e) (1) of this section.  The opposition
16   may refer to the record in the case to rebut the
17   statement that a fact is not in dispute or may file an
18   affidavit stating that the party cannot, for reasons
19   stated, present facts to oppose the request.  After
20   considering the submissions, the administrative judge
21   may order that discovery be permitted on the fact or

Page 4

1   facts involved, limit the hearing to the issues

2   remaining in dispute, issue findings and conclusions

3   without a hearing or make such other ruling as is

4   appropriate.

5         The Commission Regulations in this regard

6   are patterned after summary judgment procedures set

7   forth at Rule 56 of the Federal Rules of Civil

8   Procedure.  Rule 56 provides for the granting of

9   summary judgment if the trial judge determines that no

10   genuine issue of material fact exists and that the

11   moving party is entitled to judgment as a matter of

12   law.  Beard v. Whitley County REMC, 840 F.2d 405,

13   409-410 (7th Circuit 1988).

14         The United States Supreme Court has stated

15   that summary judgment is appropriate where the

16   adjudicator determines that no genuine issue of

17   material fact exists, as governed by the applicable

18   substantive law.  Anderson v. Liberty Lobby, Inc., 477

19   U.S. 242, 255 (1986).  An issue is genuine if the

20   evidence is such that a reasonable fact-finder could

21   find in favor of the non-moving party.  Oliver v.

Page 5

1   Digital Equipment Corporation, 846 F.2d 103, 105 (1st

2   Circuit 1988).  In order to avoid summary judgment,

3   the non-moving party must produce admissible factual

4   evidence sufficient to demonstrate the existence of a

5   genuine issue of material fact requiring resolution by

6   the fact-finder.  Celotex Corporation v. Catrett, 477

7   U.S. 317, 322-24 (1986); Anderson, 477 U.S. at 247-50.

8   The party opposing a properly made motion for summary

9   judgment may not simply rest upon the allegations

10  contained in his or her pleading, but must set forth

11  specific facts showing that there is a genuine issue

12  still in dispute.  Id. at 248.  In response to a

13  motion for summary judgment, the fact-finder's

14  function is not to weigh the evidence and render a

15  determination as to the truth of the matter, but only

16  to determine whether there exists a genuine factual

17  dispute.  Id. at 248-49, Bhuller v. USPS, EEOC Request

18  No. 05910523 (August 1, 1991).

19           On ~~February 27, 2004,~~ [August 11, 2003] the Agency filed its

20  Motion For A Decision Without A Hearing Motion.

21  ~~Complainant~~ filed a two paragraph submission ~~on March~~

Page 6

1    ~~12, 2004.~~ In issuing this Decision, I have considered

2    the Agency's Motion, ~~the Complainant's response~~ and

3    the Report of Investigation (ROI).

4           The evidence offered by the parties and

5    contained in the ROI will be viewed in a light most

6    favorable to Complainant so that all evidentiary

7    disputes will be resolved in her favor.  See standard

8    set forth in Anderson, 477 U.S. at 252.  After

9    reviewing all the evidence, I conclude that there is

10   sufficient information upon which to base a decision

11   without the necessity of a hearing.  Accordingly, the

12   Agency's motion is GRANTED.

13   III. Issue

14           Did the United States Department of Labor

15   (hereafter Agency) unlawfully discriminate against

16   Helen Doona (hereinafter Complainant) on the bases of

17   her age (65), sex (female) and reprisal for her prior

18   EEO activity when on May 30, 2001, some of her case

19   files were reassigned and she received a "meets" on

20   her performance appraisal elements of quality and

21   timeliness for the performance period April 1, 2000

```
                                                              Page 7
 1   through March 31, 2001?
 2           Did the Agency unlawfully discriminate
 3   against the Complainant on the bases of her sex,
 4   (female), age (65), national origin (Irish) and
 5   reprisal for her prior EEO activity when she was not
 6   selected for Vacancy Number BOS 01-92, Investigator
 7   (Pension), GS-13 on November 24, 2001?
 8   IV.  Findings of Fact
 9           I hereby adopt the findings of facts as
10   outlined in the Agency's motion for Summary Judgment.
11   V.  Applicable Law And Regulations
12           I hereby adopt the law and regulations as
13   outlined in the Agency's motion for Summary Judgment.
14   VI.  Analysis And Conclusions Of Law
15           I hereby incorporate by reference the
16   analysis and conclusion as outlined in the Agency's
17   motion for summary judgment.
18           Regarding the performance appraisal case,
19   Complainant has the burden to demonstrate a prima
20   facie case of discrimination by showing that 1, she's
21   a member of a protected class and 2, that she was
```

GORE BROTHERS Reporting & Video Co., Inc.
410-837-3027

Page 8

1  treated differently from similarly situated employees
2  outside the protected class.
3        Regarding her claim of sex discrimination.
4  Since three males also received the same evaluation as
5  she did, Complainant fails to establish a prima facie
6  case of sex discrimination.
7        Similarly, regarding her age discrimination
8  claim, three employees under the age of 40 received
9  the same appraisal as the Complainant. Thus, the
10 Agency rated both females and males and those over and
11 under 40 with the same evaluation as Complainant.
12       Complainant likewise fails to establish a
13 prima facie case in reference to the reassignment of
14 some of her work.
15       To establish a prima facie case of reprisal
16 discrimination, the Complainant must show that 1, she
17 previously engaged in prior EEO activity, 2, that she
18 suffered an adverse action, 3, the Agency was aware of
19 her prior EEO activity and 4, that the action followed
20 the protected activity in such a timely manner as to
21 raise an inference of discrimination demonstrating a

Page 9

1  nexus between the protected activity and the adverse
2  treatment.
3         Here again, Complainant fails to establish
4  a prima facie case of discrimination. Complainant's
5  alleged prior EEO activity occurred six or seven years
6  before this matter, thus there can be no nexus found
7  between the activity six or seven years prior to this
8  action and the case at bar. So, Complainant has
9  failed to establish a prima facie case of
10 discrimination based on reprisal regarding the
11 performance appraisal case and the reassignment case.
12        The second complaint concerns the
13 non-selection for the position of investigator under
14 Vacancy Announcement Number BOS 01-92, GS-13 on
15 November 24, 2001. Complainant has alleged
16 discrimination based on her sex (female), age (65),
17 national origin (Irish) and reprisal for her prior EEO
18 activity.
19        The totality of Complainant's allegations
20 of national origin discrimination taken individually
21 or in the aggregate do not rise to the level of proof

Page 10

1    required to make a case of discrimination related to

2    her non-selection. This fact plus the realization of

3    numerous employees of Irish extraction in all

4    positions within the Agency demonstrate Complainant's

5    national origin was not a factor in her non-selection.

6             Complainant's assertion of reprisal fails

7    as well. Complainant's evidence of protected EEO

8    activity is wanting. She does mention her work as

9    union steward in which unfair labor practices were

10   involved, but she fails to furnish any evidence that

11   she actually participated in any specific EEO matter,

12   or that any grievance proceeding she may have been

13   participated in involved matters of discrimination

14   under Title VII.

15            Complainant also fails to demonstrate a

16   prima facie case of age discrimination. Complainant's

17   unsubstantiated assertions about the promotion of

18   young women without facts are insufficient to

19   establish a prima facie case of age discrimination.

20   Complainant's assertions are a selection of subjective

21   impressions about perceived favoritism in the Boston

Page 11

1  offices.

2          Finally, Complainant fails in her assertion
3  of discrimination based on her sex (female). Of the
4  six selectees, four were women (One was 55 and one was
5  47 years of age). Thus, Complainant has failed in her
6  burden to establish her non-selection was based on her
7  sex (female).

8  VII.  Decision

9          For the reasons stated above, I conclude
10 Complainant has failed to establish by a preponderance
11 of the evidence that she was unlawfully discriminated
12 against in this matter. That will conclude my
13 decision. We can go off the record.
14         (A discussion was held off the record.)
15         (Bench Decision concluded at 3:15 p.m.)
16
17
18 For the Commission:
19 Date: 6-24-04                    *[signature]*

                                    Charles G. Shubow
20                                  Administrative Judge
21

Page 12

1   State of Maryland

2   County of Baltimore, to wit:

3         I, CHUCK PEPPLER, a Notary Public of

4   the State of Maryland, Baltimore County, do hereby

5   certify that the within-named proceedings took place

6   before me at the time and place herein set out.

7         I further certify that the proceedings

8   were recorded stenographically by me and this

9   transcript is a true record of the proceedings.

10        I further certify that I am not of counsel

11  to any of the parties, nor an employee of counsel,

12  nor related to any of the parties, nor in any way

13  interested in the outcome of this action.

14        As witnessed my hand and notarial seal

15  this 24th day of June, 2004.

16

17  _____*Chuck Peppler*_____

18          CHUCK PEPPLER,

19          Notary Public

20  My Commission Expires:

21  April 1st, 2006