UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HELEN DOONA, </br></br> Plaintiff, </br></br> v. </br></br> ELAINE L. CHAO, Secretary, </br> U.S. Department of Labor, </br></br> Defendant. | ) </br> ) </br> ) </br> ) </br> )    CIVIL ACTION </br> )    NO.04-12372-PBS </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

## **ANSWER**

Defendant Elaine L. Chao, Secretary of the United States Department of Labor, by and through her attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, answers the numbered paragraphs of the Complaint as follows:

### FIRST DEFENSE

Defendant answers each paragraph of the Complaint without waiving, but expressly reserving, all rights that she may have to seek relief by appropriate motions.

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Defendant admits only that Philip Tanner has been the plaintiff's supervisor and denies the remainder of the allegations in Paragraph 7.

8. Defendant admits only that Benages and Tanner are employees of the U.S. Department of Labor, which is headed by the Secretary of Labor, Elaine Chao and denies the remainder of the allegations in Paragraph 8.

## JURISDICTION

9. Paragraph 9 sets forth a statement of jurisdiction and as such is a legal conclusion to which no response is required.

## VENUE

10. Paragraph 10 is a statement of venue and as such is a legal conclusion to which no response is required.

## ALLEGATIONS

11. Defendant admits only that plaintiff was not selected to fill Vacancy Number #BOS- 01-92 and denies the remainder of the allegations in Paragraph 11.

12. Admitted.

13. Denied.

14. Denied.

15. Defendant admits only that plaintiff was not selected to fill Vacancy Number BOS 01-92 and denies the remainder of the allegations in Paragraph 15.

16. Denied.

17. Denied.

18. Denied.

19. Admitted.

20. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegation in Paragraph 20 of the Complaint, and on that basis denies the allegations.

21. Admitted.

22. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegation in Paragraph 22 of the Complaint, and on that basis denies the allegations.

23. Admitted.

24. Defendant admits only that PWBA advertised to fill six positions under Vacancy Announcement # BOS-01-92 in 2001 and denies the remainder of the allegations in Paragraph 24.

25. Admitted.

26. Admitted.

27. Defendant admits only that plaintiff was not selected to fill a position under Vacancy Announcement # BOS-01-92 and denies the remainder of the allegations in Paragraph 27.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Defendant admits only that as union steward plaintiff has been involved in union matters with Benages and Tanner and denies the remainder of the allegations in Paragraph 37.

38. The allegations in Paragraph 38 are conclusions of law to which no response is required. To the extent Paragraph 38 is deemed to set forth factual allegations to which a response is required, such allegations are denied.

39. The allegations in Paragraph 39 are conclusions of law to which no response is required. To the extent Paragraph 39 is deemed to set forth factual allegations to which a response is required, such allegations are denied.

40. The allegations in Paragraph 40 are conclusions of law to which no response is required. To the extent Paragraph 40 is deemed to set forth factual allegations to which a response is required, such allegations are denied.

To the extent that any allegation of the Complaint remains unanswered, defendant denies such allegation.

## AFFIRMATIVE DEFENSES

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

The Complaint must be dismissed for lack of jurisdiction and failure to exhaust administrative remedies with respect to plaintiff's allegations of discrimination and retaliation by the agency not assigning her significant cases or criminal cases where these issues were not raised and accepted at the administrative level for determination.

### FOURTH DEFENSE

The Complaint must be dismissed for lack of jurisdiction with respect to allegations of discrimination based on marital status and parental status which are not encompassed by Title VII.

### FIFTH DEFENSE

The Complaint must be dismissed for improper and/or incomplete service of process

### SIXTH DEFENSE

The plaintiff is not entitled to a jury trial on equitable claims.

WHEREFORE, Defendant, having fully answered the allegations in the Complaint, respectfully requests that this Court enter an order denying the plaintiff's prayers for relief; denying all other relief sought by the plaintiff; dismissing the Complaint with prejudice and with costs; entering judgment in favor of the defendant; and awarding to defendant such further relief as the Court deems just and proper.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

By:   /s/Eugenia M. Carris
        EUGENIA M. CARRIS
        Assistant U.S. Attorney
        U. S. Attorney's Office
        John Joseph Moakley U.S. Courthouse
        1 Courthouse Way, Suite 9200
        Boston, MA  02210

August 3, 2005                     (617) 748-3376

## CERTIFICATE OF SERVICE

I certify that I have this 3rd day of August, 2005 served a copy of the foregoing Answer by first-class mail to:

        Edward J. Collins
        P.O. Box 381330
        Cambridge, MA 02238-1330

                              /s/ Eugenia M. Carris
                              Eugenia M. Carris