UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| HELEN DOONA, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: 04-12372-PBS |
| ELAINE CHAO, SECRETARY, UNITED STATES DEPARTMENT OF LABOR, | ) |
| Defendants. | ) |

**GOVERNMENT'S STATEMENT OF UNDISPUTED
MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1**

The government submits this Statement of Undisputed Material Facts in support of its Motion for Summary Judgment in the above matter.

**FACTS**

1. Plaintiff was born on June 3, 1936 and was over the age of forty at the time of the alleged incidents. See Pl.'s District Court Compl. attached as Exhibit A, p. 3.[1]

2. Plaintiff is a female of Irish-American origin and is a widow and mother of three children. Id. p. 3-4.

3. Plaintiff worked as an EBSA Investigator, GS-12/8 since July 7, 1987. Id. p. 1.

4. In her capacity as an employee of EBSA, Plaintiff has also been an Agency Shop Steward for the AFGE Local ("Union") since the early 1990s. Id. p. 2.

---

[1] The referenced exhibits are attached to the government's Memorandum of Law in Support of its Motion for Summary Judgment.

5. In late 2000 and early 2001, Plaintiff took several extended leaves of absence for various reasons. See Work Hours Log attached as Exhibit B.

6. When she returned from one approved leave of absence on May 21, 2001, she became aware that a few of her cases had been reassigned to other investigators in the department, which is the first part of Plaintiff's first EEO complaint. See Pl.'s Ans. to Interrogs. attached as Exhibit C, p. 31.

7. Philip Tanner ("Tanner"), Plaintiff's first-line Supervisor, reassigned five of Plaintiff's cases on May 17, 2001 in order to meet deadlines for overaged cases, or cases that are more than 18 months old from the date the case was opened. See Tanner Aff. attached as Exhibit D, p. 2; see also Doona Deposition attached as Exhibit Q, p. 67.

8. At that time, Plaintiff had the highest inventory of overage cases within Tanner's group. Id.

9. Pursuant to the Program Operation Plan, the Agency mandates that each Regional Office maintain an overage case inventory at the end of the fiscal year of no more than 25% of the total number of cases open. See Program Operation Plan Guidance for FY 2001 attached as Exhibit E, p. 3.

10. Of the five cases transferred, all had few time charged to them, which means that they were in the early stages of investigation. See Exhibit D, p. 3.

11. Three of the five cases were reassigned to males and two of the five were reassigned to females. See Reassignment Case List attached as Exhibit F, p. 1.

12. Also, Plaintiff was not the only person to have cases reassigned on that date. Id.

13. Between May 1, 2001 and September 30, 2001, there were twenty-six cases reassigned within Tanner's group for various reasons. Id. at 1-2. These reasons include: needing to allocate resources in order to achieve goals and meet deadlines, receiving an internal promotion, transferring to another division, and needing to meet the deadline for HIPAA review. Id.

14. The second portion of Plaintiff's first underlying EEO Complaint challenges the "Meets" rating on her annual Performance Appraisal for the time period April 1, 2000 to March 31, 2001. See Formal EEO Compl. and Attachments attached as Exhibit G, p.1, 75-79.

15. Tanner, Plaintiff's rating official, gave Plaintiff a rating of "Effective" overall, which included an "Exceeds" rating for the subcategory of Investigative Productivity, a "Meets" rating for the subcategory of Quality of Investigations, and a "Meets" rating for the subcategory of Timeliness with a narrative describing Plaintiff's eight overage cases. See Exhibit G, pp. 75-79.

16. In the prior three years, Plaintiff had received "Superior" ratings. Id. at 19-61.

17. During the same evaluation period in which Plaintiff challenges her performance appraisal, five of six other employees in Tanner's group also received overall "Effective" ratings on their performance appraisals including a "Meets" on the Timeliness subcategory with narratives conveying that the investigators had several overaged cases. See Performance Appraisals attached as exhibit H. These employees included three males and two females, and two of those employees were over age forty. Id.

18. On February 26, 2002, Plaintiff filed a formal EEO Complaint against the Agency alleging discrimination on the basis of age, sex, marital status, parental status, and reprisal for prior EEO activity as a Union Steward when Plaintiff's supervisor reassigned several of her cases and Plaintiff received a "Meets" rating on her performance appraisal. See Exhibit G.

19. Because the Equal Employment Opportunity Commission ("EEOC") does not recognize marital or parental status as an independent basis for discrimination, it did not accept those claims for investigation. See Agency Letter of Investigation attached as Exhibit I.

20. On November 24, 2001, Plaintiff learned that she was not selected for one of six Senior Investigator GS-13 slots. See Pl.'s Formal EEO Compl. and Attachments attached as Exhibit J, p. 7.

21. The six people selected for the position were Emily Born (Female, Irish, age 30, no children), Anson Chiou (Male, Asian-American, age 35 no children), Mary Goreham (Female, Irish, age 34, no children), Robert Lang (Male, Irish, age 35, two children), Leslie O'Keefe (Female, Irish, age 47, one child), and Wilma Rosenberg (Female, Jewish, age 55, no children). See James Benages Aff. attached as Exhibit K, p. 3.

22. As the Regional Director of the Boston Region of EBSA, James Benages was the sole selecting official for the position. Id. p. 2.

23. The position was advertised pursuant to Vacancy Announcement number BOS 01-92, and the Position Description outlined the duties and requirements for the position. See Vacancy Announcement attached as Exhibit L; Position Description attached as Exhibit M.

24. Tanner made no recommendations or decisions regarding the filling of this position. See Tanner Aff. attached as Exhibit N, p. 1.

25. The individuals selected for the Senior Investigator GS-13 Position on November 21, 2001 were highly qualified individuals each possessing unique attributes that made them stand out to the selecting official. See Exhibit K, p. 3.

26. The position description put forth the relevant criteria used for selection by the hiring official. See Exhibit M.

27. The selecting official is not authorized to hire on the basis of any criteria not described in the position description. Id.

28. Of the six selectees along with Plaintiff, Plaintiff had the lowest "hit ratio" (ratio of cases closed with results versus total of cases closed) in 2001. Id. at 17.

29. Plaintiff also had the highest "unit time" (time it takes to complete a case in number of days) compared to the six selectees. Id. at 18.

30. On May 2, 2002, Plaintiff filed a formal EEO Complaint against the Agency alleging discrimination on the basis of age, sex, marital status, parental status, and reprisal for prior EEO activity as a Union Steward and for filing a previous EEO Complaint when Plaintiff was not selected for a Senior Investigator GS-13 position on November 24, 2001. See Exhibit J.

31.  Plaintiff alleged discrimination based on national origin in her informal EEO Complaint, but not in her formal EEO Complaint.  See Exhibit J; Pl.'s Informal EEO Compl. attached as Exhibit O.  Nevertheless, the Agency accepted the allegation of discrimination based on national origin for investigation.  See Agency Letter of Investigation attached as Exhibit P.

                                                    Respectfully submitted,

                                                    ELAINE CHAO,  Secretary,
                                                    U.S. Department of Labor

                                                    By her attorney,

                                                    MICHAEL J. SULLIVAN
                                                    United States Attorney

                                                    /s/ Eugenia M. Carris
                                       By:  Eugenia M. Carris
                                                    Assistant U.S. Attorney
                                                    John Joseph Moakley U.S. Courthouse
                                                    1 Courthouse Way - Suite 9200
                                                    Boston, MA 02210

Dated: April 21, 2006                          (617) 748-3282